## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOHN JENNINGS, et al.,                       :
                                             :
                    Plaintiffs,              :    CIVIL ACTION
                                             :
        vs.                                  :    No. 09-CV-0482
                                             :
HOLIDAY INN SUNSPREE RESORT,                 :
et al.,                                      :
                                             :
                    Defendants.              :

### MEMORANDUM AND ORDER

Joyner, J.                                   April ⊘𝟑 , 2009


        Presently before the Court are Defendants' Motions to

Dismiss and Plaintiffs' responses thereto.  For the reasons set

forth below, Defendant Holiday Inn Sunspree Resort's Motion to

Dismiss is GRANTED.  Defendant Holiday Inns, Inc.'s Motion to

Dismiss is GRANTED.  Defendant Intercontinental Hotels Group's

Motion to Dismiss is DENIED.

### I. BACKGROUND

        Plaintiffs Mr. and Mrs. John and Sherry Jennings allege that

on September 26, 2006, while Plaintiffs were guests at the

Holiday Inn Sunspree Resort in Jamaica, West Indies, Mr.

Jennings' crutch slipped in water on the floor of the hotel

1

causing him to fall and injure the stump of his leg,[1] his
shoulder and his left hand.  On September 26, 2008, Plaintiffs
commenced this personal injury action in Pennsylvania state court
by filing a Writ of Summons.[2]  Plaintiffs assert that Defendants
were negligent by failing to properly operate and manage the
property, failing to properly supervise their agents and/or
employees, and failing to adequately inspect the premises to see
that the common areas were safe for their guests, and that this
negligence caused Mr. Jennings' injuries.  Specifically,
Plaintiffs assert that the Defendants knew or should have known
there was water on the floor where guests would walk and that
they, their agents, or their employees did not place warning
signs in the area where the floor was wet.

On February 3, 2009, Defendants consented to and joined in
the removal of this action to the Eastern District of
Pennsylvania pursuant to 28 U.S.C. §§ 1441 and 1446.  The
Defendants in this case are Holiday Inn Sunspree Resort,
Intercontinental Hotels Group, and  Holiday Inns, Inc.[3]  Each

---

[1] Mr. Jennings' left leg had been partially amputated many years prior
to this incident.

[2] Pursuant to the Pennsylvania Rules of Civil Procedure, a civil action
may be commenced "by filing with the prothonotary (1) a praecipe for a writ of
summons, or (2) a complaint."  Pa. R. Civ. P. 1007.

[3] Risk Enterprise Management was also originally a defendant in the
suit.  However, in response to Risk Enterprise Management's Motion to Dismiss,
Plaintiffs withdrew their Complaint against Risk Enterprise Management.

Defendant has filed a separate Motion to Dismiss.  Specifically, Defendant Holiday Inn Sunspree Resort has filed a Motion to Dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and for insufficient service of process pursuant to Federal Rule of Civil Procedure 12(b)(5). InterContinental Hotels Group has filed a Motion to Dismiss for insufficient service of process pursuant to Federal Rule of Civil Procedure 12(b)(5).  Holiday Inns, Inc. has filed a Motion to Dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).

## II.  DISCUSSION

### A.  Defendant Holiday Inn Sunspree Resort ("Sunspree")

Sunspree has filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(5).  Pursuant to Rule 12(b)(6), in response to a pleading, a Defendant may file a motion asserting that the Plaintiff's complaint "[fails] to state a claim upon which relief can be granted."  In analyzing a Rule 12(b)(6) motion to dismiss, we "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)(citations omitted).

3

"To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level . . . .'" Id. at 232 (quoting Bell Atl. Corp. v. Twombley, 127 S. Ct. 1955, 1965 (2007)). In other words, the plaintiff must provide "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]" of a particular cause of action. Id. at 234. This "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombley, 127 S. Ct. at 1964-65. In ruling on a Rule 12(b)(6) motion to dismiss, the court may consider documents "integral to or explicitly relied upon in the complaint." In re Rockefeller Sec. Lit., 184 F.3d 280, 287 (3d Cir. 1999).

Sunspree asserts that Plaintiffs have failed to state a claim against it because "Holiday Inn Sunspree Resort" is a service mark and not a corporation or entity capable of being sued. As such, Sunspree argues, "Holiday Inn Sunspree Resort" is a type of intellectual property and thus not a legal entity capable of being sued. In support of this assertion, Sunspree submitted an affidavit by David Hom, the Vice President and Assistant Secretary of Six Continents Hotels, Inc. Hom's affidavit asserts that the Holiday Inn Sunspree Resort where Plaintiffs stayed was owned by a Jamaican entity, SC Hotels &

4

Resorts (Jamaica) Limited and managed by Holiday Inns (Jamaica), Inc., a Tennessee corporation.  He asserts that "Holiday Inn Sunspree Resort" is not a corporation or corporate name but rather is a registered service mark.  Sunspree further asserts, pursuant to Rule 12(b)(5), that even if Sunspree were the proper party to be served, Plaintiffs did not effect proper service, or even attempt to effect service at all, on Sunspree under the Pennsylvania Rules of Civil Procedure.

Plaintiffs respond that a registered service mark is analogous to a registered fictitious name.  Thus, they argue, the entity know as SC Hotels & Resorts (Jamaica) Limited would have registered "Holiday Inns Sunspree Resort" as a service mark or fictitious name.  Plaintiffs assert, therefore, that the proper designation of the defendant should have been "SC Hotels & Resorts (Jamaica) Limited trading as Holiday Inns Sunspree Resort" and request leave of the court to amend the name of the Defendant as such.  Plaintiffs argue that amending the name would not be adding a new party but merely changing the name and would be consistent with the liberal pleading policy set forth in the Federal Rules of Civil procedure and precedential authority.[4]

---

[4] The Court notes that although Plaintiffs have referred to precedential authority, they have not actually cited to or discussed any authority in support of their argument.

Plaintiffs concede that they did not effect service of process on Sunspree, but assert that service was attempted on October 30, 2008.  They request that if process cannot be effected pursuant to the Pennsylvania Rules of Civil procedure, they should be permitted to reinstate their Summons and Complaint and attempt to make service in accordance with Jamaican law.

Even assuming arguendo that Sunspree is a fictitious name and a proper party pursuant to Pennsylvania law, Plaintiffs did not effect proper service of process and have not offered any explanation for this failure.  Pursuant to Pennsylvania Rules of Civil Procedure,[3] original process outside the Commonwealth

> [S]hall be served . . . within ninety days of the
> issuance of the writ or the filing of the complaint . .
> . :
>> (1) by a competent adult in the manner provided by
>> Rule 402(a);
>> (2) by mail in the manner provided by Rule 403;
>> (3) in the manner provided by the law of the
>> jurisdiction in which the service is made for
>> service in an action in any of its courts of
>> general jurisdiction;
>> (4) in the manner provided by treaty; or
>> (5) as directed by the foreign authority in
>> response to a letter rogatory or request.

Pa. R. Civ. P. 404.  Rule 403 provides that process may be served by mail and "a copy of the process shall be mailed to the

---

[3] The pertinent events occurred while this action was in state court and thus both parties rely on Pennsylvania procedural standards.  Therefore, we do likewise.  See Reunion Industries, Inc. v. Doe 1 a/k/a Denunz2005, No. 8-609, 2008 U.S. Dist. LEXIS 52918, *2 (W.D. Pa. July 11, 2008).

6

defendant by any form of mail requiring a receipt signed by the defendant or his authorized agent.  Service is complete upon delivery of the mail."  Pa. R. Civ. P. 403.

"[T]he party asserting the validity of service bears the burden of proof on that issue."  Grant Entm't Group, Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 488 (3d Cir. 1993).  Pennsylvania law requires plaintiffs to make a "good-faith effort to effectuate notice of commencement of the action."  Farinacci v. Beaver County Indus. Dev. Auth., 511 A.2d 757, 759 (Pa. 1986)(discussing good faith requirement announced in Lamp v Heyman, 366 A.2d 882 (Pa. 1976)).  If the plaintiff makes a good-faith effort to properly effect service of process, the case will not be dismissed where the defendant was formally served but the service did not technically comply with the rules.  McCreesh v. Philadelphia, 888 A.2d 664, 666, 666 n.1 (Pa. 2005).  The burden to establish a good faith effort to effectuate service also lies with the plaintiff.  Id. at 672.

In the instant case, however, Plaintiffs have conceded that they did not serve Sunspree.  In support of their assertion that they attempted service, they submitted evidence that on October, 30, 2008, they attempted to serve the foreign Defendant by certified mail through the United States Postal Service.  The Court notes, however, that, as stated directly on the certified

7

mail receipt submitted by Plaintiffs, certified mail is only
available domestically.  Plaintiffs have made no other attempt to
effect service of process since they commenced the action in
September of 2008.  Nor have they offered the Court any
explanation as to why there were no additional attempts at
service, disclosed any efforts whatsoever that were made in an
attempt to properly serve Sunspree, or offered any argument at
all as to why the Court should now allow them to attempt proper
service of process.  Defendant Holiday Inn Sunspree Resort's
Motion to Dismiss is, therefore, granted.

**B.  Defendant Intercontinental Hotels Group** ("Intercontinental")

Intercontinental has also filed a Motion to Dismiss for
insufficient service of process.  Intercontinental asserts that
it was never properly served because Plaintiffs attempted to
deliver the Summons to "the legal department," which it avers
does not fall within any of the three categories of persons
capable of accepting service pursuant to Pennsylvania Rule of
Civil Procedure 424.[6]  Intercontinental further asserts that the

---

[6] Rule 424 provides that a corporation may be properly served by handing
a copy of the original process to: "(1) an executive officer, partner or
trustee of the corporation or similar entity, or (2) the manager, clerk or
other person for the time being in charge of any regular place of business or
activity of the corporation or similar entity, or (3) an agent authorized by
the corporation or similar entity in writing to receive service of process for
it."  Pa. R. Civ. P. 424.

8

Summons was actually delivered to a guest relations office, at which no employee is capable of properly accepting service.

In response, Plaintiffs have submitted an affidavit from counsel for Plaintiffs' secretary, Michelle Starks, stating that Starks telephoned the InterContinental Hotels Group and was told that service of process of any legal documents involving former guests could be served on "guest relations," which shared the same address as the Legal Department. She was also told that it was not necessary to serve the Corporate Office in Atlanta, Georgia. Thus, in contrast to Plaintiff's response to Defendant Sunspree's Motion to Dismiss, Plaintiffs have provided evidence that they made a good-faith effort to properly effect service of process on Intercontinental, but that their efforts were thwarted by Intercontinental's actions. Defendant InterContinental Hotels Group's Motion to Dismiss is, therefore, denied, and Plaintiffs will have sixty (60) days from the date of the attached Order to properly serve Defendant Intercontinental Hotels Group.

**C. Defendant Holiday Inns, Inc.** ("Holiday Inns")

Holiday Inns moves to dismiss Plaintiffs' complaint against it for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). A district court exercises personal jurisdiction over a defendant to the extent permissible under the law of the state in which the district court sits. Pennzoil

9

Products Co. v. Colelli & Assoc., 149 F.3d 197, 200 (3d Cir.
1998).  Pennsylvania's long-arm statute "permits personal
jurisdiction over non-resident defendants 'to the constitutional
limits of the Due Process Clause of the Fourteenth Amendment.'"
Pennzoil, 149 F.3d at 200 (quoting Mellon Bank (East) PSFS,
National Assoc. v. Farino, 960 F.2d 1217, 1221 (3d Cir. 1992)).
Thus, our exercise of personal jurisdiction over Holiday Inns is
proper if it comports with due process.  See Farino, 960 F.2d at
1221.

       Due Process requires that non-resident defendants have
"certain minimum contacts with [the forum state] such that
maintenance of the suit does not offend traditional notions of
fair play and substantial justice."  Int'l Shoe Co. v.
Washington, 326 U.S. 310, 316 (1945)(internal quotation omitted).
Requiring minimum contacts with the forum state assures fair
warning to a defendant that he may be subject to suit in that
state.  Kehm Oil Co. v. Texaco, Inc., 537 F.3d 290, 300 (3d Cir.
2008).  Where a defendant asserts that the court lacks personal
jurisdiction over it, the plaintiff bears the burden of
establishing that jurisdiction over the defendant is proper.
Farino, 960 F.2d at 1221.

       Personal jurisdiction can be either general or specific.
Kehm Oil, 537 F.3d at 300.  General personal jurisdiction allows

10

a defendant to be haled into court regardless of whether the
cause of action is related to the forum.  Pennzoil, 149 F.3d at
200.  A non-resident's contacts with the forum must be
"continuous and systematic" to establish general jurisdiction.
Helicopteros Nationales de Colombia, S.A. v. Hall, 466 U.S. 408,
416 (1984).

Specific personal jurisdiction exists where the claim
"arises from or relates to conduct purposely directed at the
forum state."  Kehm Oil, 537 F.3d at 300.  To determine whether
specific jurisdiction exists, the court must first determine
whether the defendant had minimum contacts with the forum state
such that it could have "'reasonably anticipated being haled into
court there.'"  Pennzoil, 149 F.3d at 201 (quoting World-wide
Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980)).  If the
court determines that there were sufficient minimum contacts, it
must then determine whether asserting personal jurisdiction over
the defendant would comport with the notions of fair play and
substantial justice.  Id.

Holiday Inns asserts that Plaintiffs cannot establish
general jurisdiction because Holiday Inns did not have continuous
and systematic contacts with Pennsylvania.  Holiday Inns also
asserts that Plaintiffs cannot establish specific jurisdiction
because Holiday Inns has no direct contacts with Pennsylvania,

11

including that it does not solicit Holiday Inns, Inc. sales in Pennsylvania or conduct business at all in Pennsylvania. On the contrary, it avers that the only purpose of Holiday Inns is to hold the names and trademarks of the Holiday Inns in each state.

Plaintiffs respond that Holiday Inns has sufficient contacts with Pennsylvania because it filed to do business in Pennsylvania and filing to do business in the forum purposely establishes minimum contacts in that state.[7]  Holiday Inns agrees that filing to do business in a state would establish the necessary contacts for personal jurisdiction.  However, it provided evidence that it did not actually file to do business in Pennsylvania, but only registered its business corporation's name. Holiday Inns states that a foreign corporation may register its name for a one year period without having to file a Certificate of Authority to conduct business in Pennsylvania and that a foreign corporation may not conduct business in Pennsylvania without receiving such Certificate of Authority.  Holiday Inns has provided an Affidavit establishing that it has never filed for a Certificate of Authority and thus is not, and has never been, qualified to

---

[7]  Plaintiffs do not state whether this argument is meant to support general or specific jurisdiction.  However, although Plaintiff does not state the language for general jurisdiction (i.e. "continuous and systematic"), presumably Plaintiff is asserting the existence of general jurisdiction since it would be highly unlikely that the injury Plaintiff complains of arose from the Defendant filing to do business in Pennsylvania.

conduct business in Pennsylvania.  Plaintiffs have produced no evidence to contradict Holiday Inns' evidence that it in fact did not file to do or conduct business in Pennsylvania.  Thus, Plaintiffs have failed to establish personal jurisdiction based on this ground.

Plaintiffs next argue that if Holiday Inns used its trademarks in Pennsylvania to solicit business for Holiday Inn Sunspree Resort, this solicitation creates a "meaningful contact in Pennsylvania."[8]  Plaintiffs argue that if Holiday Inns advertises its name and trademark over the internet, its name and trademark reach everyone everywhere.  Thus, Plaintiffs aver that because Sunspree uses a trademark owned by Holiday Inns to advertise on the internet, Holiday Inns advertises everywhere and has, therefore, established sufficient contacts to be haled into court anywhere and everywhere, including Pennsylvania.[9]

---

[8] Plaintiffs again fail to explain whether this argument is intended to establish general or specific jurisdiction.  However, because we find that general advertising over the internet is insufficient under the present facts to establish either type of personal jurisdiction, Plaintiffs intent is irrelevant.

[9] Plaintiffs also state in their response that they alleged in their Complaint that defendant advertised in the Commonwealth of Pennsylvania and offered reservations to potential guests and services to the Plaintiffs in Pennsylvania.  It is unclear whether Plaintiffs are referring only to the internet advertising or to some other type of advertising.  To support their assertion, Plaintiffs cite back to their Complaint.  Allegations in a complaint, however, are not sufficient to defeat evidence that Defendants do not solicit business in Pennsylvania.  See Simplicity Inc. v. MTS Products, No. 05-3008, 2006 U.S. District LEXIS 17626, * 4 (E.D. Pa. April 6, 2006).

The Third Circuit has held that "the mere operation of a commercially interactive web site should not subject the operator to jurisdiction anywhere in the world." Toys "R" Us, Inc. v. Step Two, S.A., 318 F.3d 446, 454 (3d Cir. 2003). Rather, Plaintiffs must establish that the defendant "'purposely availed' itself of conducting activity in the forum state, by directly targeting its web site to the state, knowingly interacting with residents of the forum state via its web site, or through sufficient other related contacts." Id.

Plaintiffs' argument that Holiday Inns is amenable to suit anywhere and everywhere because a trademark owned by Holiday Inns is used by Sunspree in Sunspree's internet advertising is unpersuasive. Plaintiffs have provided no legal authority to support their argument that mere maintenance of a company website or ownership of a trademark used in internet advertising by a third party is sufficient to establish personal jurisdiction everywhere, and this Court is unwilling to find as much.[10] Plaintiffs' did not specify whether their argument is meant to support general or specific jurisdiction; however, it would strain credulity to find that ownership of a trademark used by a

---

[10] The only evidence Plaintiffs provided to support their argument is a page printed from www.holidayinn.com that provides an overview of Holiday Inn hotels and some history of and facts about Holiday Inn. Plaintiffs cited to no legal authority to support their argument.

third party in that third party's general, non-targeted, internet advertising, creates the type of continuous and systematic contacts necessary to establish general jurisdiction anywhere and everywhere.  See Toys "R" Us, 318 F.3d at 454 (holding that personal jurisdiction requires more than mere operation of an interactive website).  Even if we were to find that this alleged contact with Pennsylvania somehow established the minimum contacts required for specific jurisdiction, it would strain credulity even further to find that Holiday Inns' ownership of the trademark somehow  gave rise to the underlying personal injury suit.

Defendant Holiday Inns' Motion to Dismiss for lack of personal jurisdiction is, therefore, granted.