**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

JOHN JENNINGS and SHERRY JENNINGS

    v.

NO.:   09-cv-482

HOLIDAY INN SUNSPREE RESORT,
HOLIDAY INNS, INC., RISK ENTERPRISE
MANAGEMENT and INTERCONTINENTAL
HOTELS GROUP

**INTERCONTINENTAL HOTELS GROUP'S MOTION
TO DISMISS PLAINTIFFS' COMPLAINT WITH PREJUDICE**

InterContinental Hotels Group (hereafter "IHG"), by and through its undersigned counsel, respectfully requests that it be dismissed from this action with prejudice, and in support thereof, avers as follows:

1.     Plaintiffs, John and Sherry Jennings, originally filed suit against Holiday Inns, Inc., Holiday Inn Sunspree Resort, InterContinental Hotels Group, and Risk Enterprise Management for personal injuries allegedly sustained by John Jennings in a slip and fall incident that occurred on September 26, 2006, at the Holiday Inn Sunspree Resort located in Jamaica, West Indies.

2.     In a Memorandum and Order dated April 23, 2009, this Court granted Motions to Dismiss Plaintiffs' Complaint filed on behalf of Holiday Inns, Inc., Holiday Inn Sunspree Resort, and Risk Enterprise Management. *See: A true and correct copy of the Memorandum and Order attached as Exhibit A.*

3.     At the same time, the Court denied IHG's Motion to Dismiss for Insufficient Service of Process and granted plaintiffs an additional sixty (60) days to properly serve IHG with their Complaint. *Id.*

4.     As stated in IHG's original dismissal motion filed on February 10, 2009, and the Affidavit of David Hom attached thereto, InterContinental Hotels Group is not a corporation, but

rather a trade name used by its members which includes corporation and hotel brands. *See: A true and correct copy of Affidavit of David Hom dated February 5, 2009, attached as Exhibit A to IHG's original Motion to Dismiss, and attached hereto as Exhibit B, at ¶10.*

5.     Additionally, as indicated in David Hom's affidavit, InterContinental Hotels Group is not a legal entity capable of receiving service of process. *Id.* at ¶11.

6.     InterContinental Hotels Group also did not own, manage, operate or control the Holiday Inn Sunspree Resort where plaintiff's alleged incident occurred. *Id.* at ¶13.

7.     Plaintiffs' original Summons was addressed to InterContinental Hotels Group, The Legal Department, 1275 West 2240 South, Salt Lake City, Utah.

8.     Delivery of the summons was made at a Guest Relations Office located at 1275 West 2240 South, Salt Lake City, Utah. *See: Exhibit B, at ¶12.*

9.     In response to IHG's dismissal motion, plaintiffs claimed that an IHG employee advised "service of any legal documents which involved former guests can be served on 'guest relations' at 275 West 2240 South, Salt Lake City, Utah" and "that is was not necessary to serve the Corporate Office in Atlanta, Georgia." This prompted the Court to deny the motion and allow plaintiffs sixty (60) days, or until June 22, 2009, to properly effectuate service on the proper legal entity. *See: Exhibit A.*

10.     Six weeks after the Court's ruling, on June 2, 2009, plaintiffs' counsel inexplicably sent a letter to IHG's counsel requesting an agreement to amend the caption to reflect "Six Continents Hotels, Inc. t/a InterContinental Hotels Group." *See: A true and correct copy of June 2, 2009 correspondence, attached as Exhibit C.*

11.     In correspondence dated June 10, 2009, IHG's counsel advised that she would not consent to this request because Six Continental Hotels, Inc. is not a proper party to this action. This

fact is apparent from David Hom's affidavit attached to IHG's original dismissal motion. *See: A true and correct copy of June 10, 2009 correspondence, attached as Exhibit D.*

12. On June 11, 2009, plaintiffs served Holiday Inns, Inc. with the following documents in this matter:[1] (1) a Sheriff's Entry of Service; (2) Praecipe for Summons filed in the Court of Common Pleas of Montgomery County; (3) the Complaint filed in the Court of Common Pleas of Montgomery County; (4) the Praecipe to File Notice of Removal filed by Holiday Inns, Inc. in the Court of Common Pleas of Montgomery County; (5) the Eastern District of Pennsylvania Civil Cover Sheet; (6) the Eastern District of Pennsylvania Case Management Track Designation Form; (7) the Eastern District of Pennsylvania Designation Form; (8) the Eastern District of Pennsylvania Disclosure Statement Form filed by Holiday Inns, Inc.; (9) the Notice of Removal with Exhibits filed by Holiday Inns, Inc. in the Eastern District of Pennsylvania. *See: A true and correct copy of complete service package, attached as Exhibit E.*

13. Notwithstanding the fact that all of these documents but plaintiffs' Complaint were unnecessarily served, Holiday Inns, Inc. was dismissed from this action pursuant to the Court's April 23, 2009 ruling. *See: Exhibit A.*

14. Four days later, on June 15, 2009, plaintiffs' counsel electronically filed a <u>second</u> Sheriff's Entry of Service, also dated June 11, 2009, identifying the "Party to be served" instead, as "Six Continental Hotels, Inc. c/o Corporation Process Co." No documents accompanied this Entry of Service. *See: A true and correct copy of June 15, 2009 filing, attached as Exhibit F.*

15. On the same date, IHG's counsel forwarded a letter to plaintiffs' counsel informing her that Holiday Inns, Inc. had been previously dismissed from this action; and therefore an Answer would not be filed on its behalf. Additionally, notwithstanding the fact that no documents

---

[1] All of the documents, including the Sheriff's Entry of Service, inexplicably contained the caption and docket number assigned by the Montgomery Court of Common Pleas, from where this case was removed.

accompanied the second Entry of Service, IHG's counsel acknowledged receipt of the June 15, 2009 filing, but informed plaintiffs' counsel that an Answer would also not be filed on Six Continents Hotels, Inc.'s behalf because this entity is not a party to this action. *See: A true and correct copy of June 15, 2009 correspondence, attached as Exhibit G.*

16.    On June 17, 2009, plaintiffs' counsel electronically filed a third Sheriff's Entry of Service identifying the "Party to be served" as "InterContinental Hotels Group c/o Six Continents Hotels, Inc." Once again, no documents accompanied the Entry of Service. *See: A true and correct copy of June 17, 2009 filing, attached as Exhibit H.*

17.    Service is not proper on Six Continents Hotels, Inc. in this action. IHG is not a legal entity capable of receiving service of process and Six Continents Hotels, Inc. is not affiliated with the subject hotel as indicated in David Hom's affidavit. See Exhibit B.

18.    Mr. Hom's affidavit clearly identifies the proper parties to this action as the owner of the Holiday Inn Sunspree Resort, which is SC Hotels & Resorts (Jamaica) Limited, a Jamaican entity; and the manager of the property, which is Holiday Inns (Jamaica), Inc., a Tennessee corporation. *See: Exhibit B, ¶6.*

19.    Neither of these entities has been named as a party to this action.

20.    To date, plaintiffs have failed to properly name and serve a proper party to this action.

21.    The statute of limitations on plaintiffs' cause of action expired on September 26, 2008, nearly one year ago.

WHEREFORE, defendant, InterContinental Hotels Group, respectfully requests this Honorable Court enter the attached Order granting its motion and dismissing plaintiffs' Complaint against it with prejudice.

4

Respectfully submitted,

**LAVIN, O'NEIL, RICCI, CEDRONE & DiSIPIO**

Dated: July 7, 2009                     By:          s/ Francis J. Grey, Jr.
                                                         Francis J. Grey, Jr., Esquire
                                                         Monica V. Pennisi Marsico, Esquire
                                                         *Attorneys for defendant,*
                                                         *InterContinental Hotels Group*
                                                         190 North Independence Mall West, Suite 500
                                                         6th & Race Streets
                                                         Philadelphia, PA 19106
                                                         fgrey@lavin-law.com
                                                         (215) 627-0303